UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ROBERT C. SCHOFIELD,            )
       Plaintiff,            )
                                )
    v.                        )       CAUSE NO.: 2:04-CV-520-PRC
                                )
UNITED STATES STEEL CORP.,      )
       Defendant.           )

**OPINION AND ORDER**

This matter is before the Court on a First Motion to Compel Discovery from Defendant United States Steel Corporation [DE 68], filed by Plaintiff Robert C. Schofield on September 26, 2005. On October 11, 2005, Defendant United States Steel Corporation filed its response in Opposition to the Plaintiff's First Motion to Compel Discovery from the Defendant. On October 18, 2005, the Plaintiff filed his Reply in Support of First Motion to Compel Discovery from the Defendant.

Pursuant to Federal Rule of Civil Procedure 37(a), the Plaintiff has filed a motion to compel discovery and for appropriate sanctions in the form of costs and fees. In his motion, the Plaintiff alleges that the Defendant has refused to comply with its discovery obligations by obstructing plant inspections, failing to disclose relevant documents, failing to assert its non-infringement contentions, and refusing to cooperate in the scheduling of depositions. The Court will discuss each in turn.

*1. Plant inspections*

The Plaintiff alleges that the Defendant obstructed his inspection of the Defendant's Portage plant on April 26, 2005.  The Plaintiff asserts that the Defendant "permitted only highly selective inspection of portions of [certain] lines and actuators." Pl. Br. at 2.  For relief, the Plaintiff requests a second inspection of the Portage Plant with the Defendant to pay any and all costs and fees related thereto.  In addition, the Plaintiff requests inspections of additional plants owned and operated by the Defendant located in Gary, Indiana; East Chicago, Indiana; Granite City, Illinois; Great Lakes, Michigan; and Fairfield, Alabama.  The Defendant responds that the first Portage Plant inspection was not obstructed and a request for a second inspection is "baseless."  Def. Resp. at 6. Nevertheless, the Defendant agrees to "make the Portage Plant available for inspection" as well as to allow inspections of additional plants per the Plaintiff's request.  *Id*.  However, the Defendant seeks to limit the scope of the Plaintiff's future inspections by imposing the following conditions: (1) prior to the inspection, the Plaintiff shall advise the Defendant of which "lines" he wants to inspect and the inspection will only include the previously designated lines and no other parts of the plants; (2) the Plaintiff will only be allowed to send one attorney, one expert, and one photographer/videographer; (3) the Plaintiff's representatives will not be allowed to place themselves in unsafe positions or interfere with the operations of the lines or plant and may be required to sign a waiver of liability; and (4) the Plaintiff's representatives will not be allowed to discuss the lines with any employees during the inspection.  In reply, the Plaintiff states that the Defendant's proposed rules for inspection are unacceptable.

While the Defendant has agreed to allow the Plaintiff to re-inspect the Portage plant as well as the other designated plants, the Defendant requires that these inspections follow Defendant-proposed guidelines pertaining to the scope and procedure of the inspections.  The Plaintiff opposes

any of the Defendant's proposed conditions for inspection.

Rule 34 of the Federal Rules of Civil Procedure governs discovery requests with regard to the production of documents and things as well as entry upon land for inspection.  Pursuant to Rule 34(a)(2),

> any party may serve on another party a request . . . to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspecting and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).

Fed. R. Civ. P. 34(a)(2).  Subsection (b) of Rule 34 defines the scope of such a request: "The request shall set forth, either by individual item or by category, the items to be inspected and describe each with reasonable particularity.  The request shall specify a reasonable time, place, and manner of making the inspection and performing the related acts."  Fed. R. Civ. P. 34(b).  Using Rule 34 as a guide, the Court will now turn to the Defendant's proposed conditions to inspections.

The Defendant's first proposed condition requires the Plaintiff to designate, prior to the inspection, certain "lines" he wishes to view during the inspection.  Rule 34(b) requires a request for an inspection to "set forth . . . the items to be inspected" and describe those items with "particularity."  *Id*.  In addition, an inspection of property, as opposed to a request for documents, carries with it different considerations granting the accommodating party discretion in proposing conditions and requirements for an inspection of its property.  See *Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978) (providing that because of the unique nature of inspections, a court must balance the need for an inspection by the moving party against "the burdens and dangers created by the inspection").  However, the Defendant failed to offer any explanation for its proposed condition of prior designation of lines to be inspected.  Nevertheless,

3

the inspecting party, here the Plaintiff, must conform with Rule 34(b) governing the procedure of an inspection regardless of the Defendant's requests. Therefore, prior to the inspections, the Plaintiff shall "set forth . . . with reasonable particularity" the items and parts of the plant to be inspected.

The Defendant's second proposed condition seeks to limit the number of the Defendant's representatives allowed in the plant during the inspection. Again, according to Rule 34(b), "the request [for an inspection] shall specify a reasonable time, place, and *manner* of making the inspection and performing the related acts." *Id*. (emphasis added). Therefore, the party requesting an inspection determines the manner of the inspection, and the number of persons involved in the proposed inspection qualifies as the "manner" of the inspection. However, while the accommodating party receives greater discretion when considering requests for inspections because of the burdens and possible hazards therein, *see Belcher*, 588 F.2d at 908, the Defendant again failed to offer any explanation for its proposed condition of limiting the number of the Plaintiff's representatives for the inspection. Therefore, in the present case, the Plaintiff, not the Defendant, determines the "manner" of the inspection and thus determines how many persons may be involved in the inspection, as long as the number of persons is "reasonable." *Id*.

The Defendant's third proposed condition concerns the safety of the Plaintiff's representatives during the inspections. While the party requesting the inspection determines the "manner" of the inspection, the party accommodating the inspection must be allowed to provide for the safety of the parties. Despite the Plaintiff's contention that the Defendant's concerns with safety and possible dangers are "not genuine," the representatives of the inspecting party may not interfere with the operations of the plant or place themselves in an unsafe position. *See Belcher*, 588 F.2d

4

at 908 (holding that since entry upon a party's premises entails greater burdens and risks than the mere production of documents, "the degree to which the proposed inspection will aid in the search for truth must be balanced against the burdens and dangers created by the inspection").  Further, the Defendant may require the Plaintiff and his representatives to sign a waiver of liability before the inspection.

The Defendant's final proposed condition forbids representatives of the Plaintiff from discussing the "lines" with the Defendant's employees during the Portage inspection or additional plant inspections.  While the party requesting the inspection usually determines the "reasonable time, place and manner" of the inspection, the Court finds that such a condition on the inspection is reasonable.  *See Belcher*, 588 F.2d at 909-10 (holding that interrogations during an inspection are inappropriate because they lack the traditional safeguards of a deposition such as swearing an oath, a written record, and being subject to cross-examination).  The Court notes that the Plaintiff did not request in his original motion or reply brief to ask any questions of the Defendant's employees during the inspections.

For relief, the Plaintiff requests that the Defendant bear the costs and fees of the second inspection of the Portage plant because the Defendant obstructed the first inspection.  In particular, the Plaintiff alleges that, during the first inspection, the Defendant "permitted only highly selective inspection of portions of [certain] lines and actuators." Pl. Br. at 2.  Pursuant to Federal Rule of Civil Procedure 37, if a motion to compel disclosure or discovery is granted, a court may impose expenses and sanctions upon a party that necessitated the filing of the motion by obstructing or failing to comply with discovery requests, *see* Fed. R. Civ. P. 37(a)(4)(A); or, if a motion is denied, a court may impose expenses and sanctions upon the moving party*, s*ee Fed. R. Civ. P. 37(a)(4)(B).

Rule 37(a)(4)(C) provides for expenses and sanctions when a motion is granted in part and denied in part stating that the Court may "apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." Fed. R. Civ. P. 37(a)(4)(C). Here, with regard to the issue of plant inspections, because the Court has granted in part and denied in part the Plaintiff's motion, it is appropriate for the parties to bear their own expenses.

Finally, the Court denies the Plaintiff's request for an order requiring the Defendant to maintain all dual airbag actuators, their controls, and related systems in their current condition.

*2. Requested documents*

The Plaintiff requests the production of certain documents including the Portage "Vault" drawings and all relevant information concerning the Defendant's Portage plant differential pressure actuators and controls including signed copies of the standard operating procedures (SOPs) for the lines and actuators, audit reports and computerized summaries thereof, and other drawings concerning the actuator controls at issue. In addition, the Plaintiff requests documents from the Defendant's other plants relating to the use of dual airbag actuators during the damages period. The Defendant responds that it has provided or promised to provide the documents requested by the Plaintiff. Specifically, the Defendant alleges that it provided SOPs and audit sheets to the Plaintiff and that it allowed the Plaintiff to inspect and request copies of the Portage "Vault" drawings during the Plaintiff's September 30 inspection. With regard to the Plaintiff's request for documents from other plants, the Defendant contends that it has produced documents from Great Lakes, Granite City, and Fairfield, and that it has "looked for and been unable to find any such [additional] drawings." Def. Resp. at 9. The Plaintiff replies that the SOPs were unsigned and thus ineffective, the provided

audit reports cover only August 2005 and the Defendant made revisions in May 2005, and the Portage Vault inspection was obstructed and thus the Plaintiff was unable to receive the relevant drawings. Finally, as to documents from other plants, the Plaintiff alleges that the Defendant "has made no good faith attempt to produce responsive documents." Pl. Reply at 10.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, "[a]ny party may serve on any other party a request to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents." Fed. R. Civ. P. 34(a).

After careful review of the parties' briefs, the Court orders the Defendant to submit the following to the Plaintiff on or before November 30, 2005: (1) signed copies of SOPs and (2) complete audit sheets, computerized summaries thereof, and audit reports before the May 2005 revision.

As to the Plaintiff's request for documents relating to the use of dual airbag actuators in the damages period from the Defendant's other plants not including Portage, the parties appear to be at an impasse. The Plaintiff requests the production of documents from the Defendant's other plants, the Defendant asserts that it has produced all relevant documents requested by the Plaintiff, and the Plaintiff replies that the Defendant's production of only a few documents is unacceptable. Because the Court only has the parties' briefs as a basis of knowledge, the Court cannot determine what documents, if any, have not been produced by the Defendant. The Court orders the Defendant to conduct, on or before November 30, 2005, a thorough and detailed investigation to locate all documents relating to the use of dual airbag actuators in the damages period from its other plants and to disclose such documents to the Plaintiff. If the Defendant is unable to discover documents that satisfy the Plaintiff's request, the Plaintiff may make a more specific request for documents after

7

conducting an inspection of the relevant plant.

Finally, with regard to the parties' dispute relating to the Portage "Vault" inspection and drawings, the Court orders the Defendant to reproduce copies of drawings upon the Plaintiff's request after the Plaintiff has had an opportunity to inspect the documents during his second inspection of the Portage plant.

*3. Non-infringement contentions*

The Plaintiff requests that the Court order the Defendant to submit its non-infringement contentions in response to the Plaintiff's infringement claim charts which he submitted to the Defendant on May 16, 2005. The Defendant responds that it will provide its non-infringement contentions but requires the Plaintiff's "validity contentions" because, "before [the Defendant] can tell [the Plaintiff] why it does not infringe, [the Plaintiff] needs to explain to [the Defendant] why he believes [the Defendant] infringes." Def. Resp. at 13. The Plaintiff replies that the Defendant's response is the same pattern of "systemic discovery failures." Pl. Reply at 10.

In response to the Plaintiff's request for the Defendant's non-infringement contentions, the Defendant asserts that it requires more information in the form of "validity contentions" and "supplemental responses" in order to better "understand [the Plaintiff's] infringement position." Def. Resp. at 12. The Defendant offers no legal argument or binding precedent in its favor, instead merely stating that it will explain its non-infringement positions once the Plaintiff elaborates upon his infringement and validity positions. In fact, the Defendant had previously agreed to submit its non-infringement contentions "when it received [the Plaintiff's] infringement contentions and claim charts." Pl. Mot., Ex. C-2 (Abrams email, May 14, 2005). The Defendant received the Plaintiff's

8

infringement contentions and infringement claim charts on May 16, 2005, yet the Defendant failed to respond. The Defendant now argues that the Plaintiff's infringement contentions are insufficient.

The Court finds the Defendant's reasons unpersuasive. Considering the Defendant's past agreement to cooperate and ultimate lack of full cooperation culminating in the instant motion, the Defendant's request for more explanation and specificity from the Plaintiff appears unfounded. Based on the Defendant's conduct and lack of specificity in explaining why it requires further detail from the Plaintiff, the Court finds that the Defendant has sufficient information from the Plaintiff to submit its non-infringement contentions in response to the Plaintiff's twenty-seven page infringement contentions and infringement claim charts that were submitted to the Defendant on May 16, 2005. *See* Pl. Mot., Ex. C-1. The Court orders the Defendant to submit its non-infringement contentions to the Plaintiff on or before November 30, 2005.

*4. Depositions*

The Plaintiff asserts that the Defendant has failed to provide witnesses for depositions. The Plaintiff alleges that he has deposed six witnesses and seeks to depose ten current or former employees and attorneys of the Defendant. *See* Pl. Mot. at 14-15. The Plaintiff requests that the Court order the Defendant to schedule the depositions. The Defendant responds that the Plaintiff has already deposed fourteen witnesses and is thus over the ten deposition limit. The Defendant further alleges that since the Plaintiff filed his motion to compel, the Plaintiff has deposed four of the ten proposed witnesses for deposition cited in his original motion. The Defendant opposes any additional depositions by the Plaintiff. The Plaintiff replies that the Defendant "misrepresents" the number of depositions that the Plaintiff has taken but provides no further detail.

Pursuant to Rule 30(a)(2)(A) of the Federal Rules of Civil Procedure, "[a] party must obtain leave of court . . . if . . . a proposed deposition would result in more than ten depositions being taken under this rule." Fed. R. Civ. P. 30(a)(2)(A). In this case, in order to determine whether to grant or deny the Plaintiff's motion to compel the Defendant to schedule depositions, it is imperative that the Court determine how many depositions the Plaintiff has taken up to this point.

In its motion to compel, the Plaintiff alleges that he has only taken six depositions. Pl. Mot. at 14-15. The Defendant responds that, since the Plaintiff's filing of his motion to compel, he has taken four additional depositions and failed to consider several others in calculating his total. The Defendant alleges that the Plaintiff has taken at least 14 depositions and intends to take at least six more. Def. Resp. at 10-12. In reply, the Plaintiff seems to amend the previous total to seven depositions. However, the Plaintiff ignores the four additional depositions alleged by the Defendant in its response.

At a minimum, it appears to the Court that the Plaintiff has taken seven depositions: Joseph Dreyovich on August 18, 2005; Johnnie Bush on August 18, 2005; Neal Mortensen on August 19, 2005; Daniel Lynch on August 19, 2005; James Bean on August 24, 2005; Milan Chestovich on August 31, 2005; and Rule 30(b)(6) witnesses Edward Jones and Gregory Tavernier. *See* Pl. Mot. at 14-15; Def. Resp. at 10; s*ee also* Fed. R. Civ. P. 30, Advisory Committee Notes (providing that "[a] deposition under Rule 30(b)(6) should, for purposes of this limit, be treated as a single deposition even though more than one person may be designated to testify"). Furthermore, in his reply, the Plaintiff fails to respond to the Defendant's assertion that the Plaintiff has taken four additional depositions since the filing of his motion to compel. Because the Plaintiff failed to address the Defendant's assertion that the Plaintiff has taken four additional depositions, the Court

10

accepts the Defendant's account of the new facts in its response as true.  *See Blackwell v. Cole Taylor Bank*, 152 F.3d 666, 673 (7th Cir. 1998) (holding that the Plaintiff's failure to contest facts in his reply brief requires the Court to treat the facts as true).  Therefore, at a minimum, the Plaintiff has taken eleven depositions.  Since the Plaintiff is already in excess of the ten deposition limit and the Plaintiff has made no motion requesting leave of Court to exceed that limit, the Plaintiff's request to order the Defendant to schedule further depositions is denied.

5. *Financial discovery*

Finally, in the conclusion of his motion, the Plaintiff requests that financial discovery be opened.

Pursuant to the Court's Rule 16 Preliminary Pretrial Conference held on March 3, 2005, financial discovery was stayed until completion of non-financial discovery.  The deadline for completion of non-financial discovery is December 1, 2005.  Nothing in the briefs persuade the Court to amend its prior ruling.  However, the Court notes that the deadline for non-financial discovery has been extended twice, and the parties are advised to adhere to the Court's current schedule.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Plaintiff's Motion to Compel Production of Withheld Documents [DE 52].  To the extent the motion is granted, as set forth in this Order, the Court **ORDERS** the following:  the Defendant shall make available the Portage plant and its other plants upon Plaintiff's request for inspections, which will

be conducted in accordance with Federal Rule of Civil Procedure 34(a) and (b) and this Order; the Defendant shall disclose signed copies of SOPs and audit sheets, computerized summaries thereof, and audit reports before the May 2005 revision on or before November 30, 2005; the Defendant shall conduct a thorough and detailed investigation to locate all documents relating to the use of dual airbag actuators in the damages period from its other plants and shall disclose such documents to the Plaintiff on or before November 30, 2005, and the Plaintiff may make a more specific request for documents after conducting an inspection of the relevant plant; the Defendant shall reproduce copies of drawings from the Portage "Vault" upon the Plaintiff's request after the Plaintiff has had an opportunity to inspect the documents; and the Defendant shall submit its non-infringement contentions to the Plaintiff on or before November 30, 2005. The Court denies the Plaintiff's motion to the extent the Plaintiff requests the following: an order demanding the Defendant maintain all dual airbag actuators, their controls, and related systems in their existing conditions; an order to schedule depositions; and an order to open financial discovery.

The parties are strongly encouraged to discuss and resolve future discovery disputes without further resort to the Court.

SO ORDERED this 7th day of November, 2005.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:   All counsel of record