**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

ROBERT C. SCHOFIELD,             )
           Plaintiff,              )
                                     )
           v.                      )        CAUSE NO.:  2:04-CV-520-PRC
                                     )
UNITED STATES STEEL CORP.,      )
           Defendant.           )

**OPINION AND ORDER**

This matter is before the Court on a Second Motion to Compel Discovery and for Sanctions

Regarding Inspection of the Drawing Vault at the Defendant's Portage Plant [DE 76], filed by

Plaintiff Robert C. Schofield on October 10, 2005.  On October 25, 2005, Defendant United States

Steel Corporation filed its Opposition to the Plaintiff's Second Motion to Compel Discovery and for

Sanctions from the Defendant.  On November 1, 2005, the Plaintiff filed its Reply in Support of his

Second Motion to Compel Discovery and for Sanctions Regarding Inspection of the Drawing Vault

at the Defendant's Portage Plant.

**PROCEDURAL BACKGROUND**

On September 26, 2005, the Plaintiff filed his First Motion to Compel Discovery from the

Defendant requesting, among other things, that the Court order the Defendant to produce the Vault

drawings from the Portage Plant as well as all relevant information concerning differential actuators

and controls at the Portage Plant.  On September 30, 2005, the Plaintiff inspected the "Vault" at the

Portage Plant, which gave rise to the instant motion.  On October 11, 2005, the Defendant filed a

response in opposition to the Plaintiff's First Motion to Compel Discovery in which the Defendant

asserted that at the time the Plaintiff filed his motion, the Portage "Vault" inspection had been

scheduled and subsequently took place on September 30, 2005, thus rendering moot the Plaintiff's

First Motion to Compel with regard to the "Vault" inspection.  The Defendant further noted that the

Plaintiff had filed a Second Motion to Compel on October 10, 2005–the instant motion–in response

to the Portage "Vault" inspection.  On November 7, 2005, the Court ruled on the Plaintiff's First

Motion to Compel.  With regard to the September 30, 2005 inspection of the Portage "Vault," the

Court ordered the Defendant to reproduce all copies of drawings upon the Plaintiff's request after the

Plaintiff had an opportunity to inspect the documents during his second inspection of the Portage

Plant.  To the extent that the Court's November 7, 2005 Order concerns the September 30, 2005

inspection of the Portage "Vault" and the production and inspection of drawings therein, the instant

Order supersedes the Court's Order of November 7, 2005.

In the instant motion, the Plaintiff alleges that the Defendant imposed improper restrictions

upon the Plaintiff's inspection of the Portage "Vault."  The Plaintiff asserts that even though he

previously informed the Defendant of his intention to photograph the "Vault" drawings during the

inspection and the Defendant voiced no objection prior to the inspection, the Defendant "obstructed

the inspection by barring [the Plaintiff's] counsel from taking photographs" on the day of the

inspection.  Pl. Mot. at 3.  For relief, the Plaintiff requests that the Court order the Defendant to (1)

review its vault drawings at the Portage Plant, produce on an expedited basis all drawings related to

pneumatic actuators and related controls, and provide a verified officer's statement attesting to the

same; and (2) pay the Plaintiff's reasonable costs incurred in bringing the instant motion and in

conducting a second inspection of the Portage "Vault," if necessary.  *See* Pl. Mot. at 8.

The Defendant responds that the Plaintiff "mischaracterizes" the events of the September 30,

2005 inspection of the Portage "Vault."  Def. Resp. at 1.  The Defendant asserts that the Plaintiff  had

full access to the drawings in the Portage "Vault."  The Defendant asserts that, because of the large volume of documents in the Portage "Vault," the Defendant asked the Plaintiff to inspect and identify the drawings it wanted produced and the Defendant would provide copies.  The Defendant alleges that the Plaintiff "inexplicably selected only two drawings for production," Def. Resp. at 3,  which were copied and produced for the Plaintiff on September 30, 2005.  *See* Def. Resp., Ex. D.  Further, the Defendant maintains that its decision not to allow the Plaintiff to photograph the Portage "Vault" drawings or the "Vault" itself was necessary to preserve confidentiality as required by the Stipulated Protective Order issued on May 27, 2005.  Finally, the Defendant asserts that the Plaintiff's request for sanctions is inappropriate "[i]n light of [the Defendant's] reasonable efforts to comply with [the Plaintiff's] requests for production of the drawings in the Portage Vault."  Def. Resp. at 5.

The Plaintiff replies that the Defendant misrepresents and attempts to redefine the Plaintiff's notice for an inspection of the Portage "Vault" as a request for the production of the "Vault" drawings and documents.  The Plaintiff maintains that he did not ask for the production of the "Vault" drawings, but instead requested an inspection of the "Vault" as evidenced by the Plaintiff's "Second Notice to [the Defendant] of Entry upon Land Pursuant to Federal Rule of Civil Procedure 34," which the Plaintiff sent to the Defendant on September 19, 2005, approximately eleven days before the September 30, 2005 "Vault" inspection.  *See* Pl. Mot., Ex. A.

The Court will consider the Plaintiff's allegations regarding the September 30 "Vault" inspection and possible sanctions in turn.

**DISCUSSION**

*1. Vault drawings*

In addressing the Plaintiff's motion with regard to the Portage "Vault" inspection and drawings, the Court must determine whether the Plaintiff requested an inspection of the Poratge Vault or the production of documents, and, if the Plaintiff requested an inspection, whether the Defendant improperly interfered with the Plantiff's inspection of the Portage "Vault."

On September 19, 2005, the Plaintiff issued a "Second Notice to [the Defendant] of Entry upon Land Pursuant to Federal Rule of Civil Procedure 34" in which the Plaintiff requested access to the Portage Plant, as well as other plants, "for the purposes of inspection, measuring, photographing, and videotaping . . . all drawings and instruction manuals for production" and "all storage places for drawings and instructions." Pl. Mot., Ex. A. at 1. This document demonstrates that the Plaintiff requested an inspection of the Portage "Vault" and established the manner and procedures in which the inspection would be executed. Accordingly, the Court finds that the Plaintiff requested an inspection of the Portage "Vault" pursuant to Federal Rule of Civil Procedure 34(a)(2) and not the production of specific "Vault" drawings and documents.

Federal Rule of Civil Procedure 34(a), which governs the production of documents and the entry upon land for inspection, provides that

> [a]ny party may serve on any other party a request . . . to permit entry upon designated
> land or other property in the possession or control of the party upon whom the request
> is served for the purpose of inspecting and measuring, surveying, photographing,
> testing or sampling the property or any designated object or operation thereon, within
> the scope of Rule 26(b).

Fed. R. Civ. P. 34(a). Therefore, the Plaintiff's proposed procedure of photographing and videotaping the Portage "Vault" and its contents complies with Rule 34(a). The Defendant improperly imposed restrictions prohibiting the use of photographing in the "Vault." Moreover, in addition to Rule

4

34(a)(2)'s express language permitting the use of photographing during an inspection, the Defendant obtained sufficient notice of the Plaintiff's intention to photograph and videotape the drawings and documents in the "Vault."  Despite receiving notice, the Defendant made no effort prior to the September 30, 2005 inspection to raise any objection to this procedure, but instead waited until the day of the inspection to voice its objection.  The Court finds that the Defendant's last-minute objections to the procedure of the proposed "Vault"inspection were unreasonable and the Defendant should have notified the Plaintiff of its objection to the procedure of the inspection in the form of a "written response" pursuant to Rule 34(b).[1]

Regardless of Rule 34's explicit language allowing photographing during an inspection, the Defendant cites this Court's Stipulated Protective Order of May 27, 2005, as support for its refusal to allow photographs.  The Defendant asserts that, in order to maintain confidentiality, the Defendant needed to affix a stamp to each document with the legend "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEY'S EYES ONLY" pursuant to the Stipulated Protective Order. Therefore, according to the Defendant, photographs and videotapes of the "Vault" drawings and documents would violate the Court's Stipulated Protective Order because the Defendant would not have had the opportunity to affix the proper stamp to the document.

---

[1]Rule 34(b) provides that

[t]he party upon whom the request is served shall serve a written response within 30 days after the service of the request.  A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties, subject to Rule 29.  The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.  The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.

Fed. R. Civ. P. 34(b).

The Court finds that the Defendant's argument is unpersuasive.  The Defendant failed to reference the entire section of the Stipulated Protective Order, which provides, in relevant part, that

> [e]ither party may designate information or data as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEY'S EYES ONLY" pursuant to the terms of this Order by affixing to each page thereof a stamp with the legend "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEY'S EYES ONLY" or may, in the alternative, by written notice inform opposing counsel that the information or data is to be treated under either respective category as Confidential information under this Order.

Stip. Prot. Order at ¶ 4.  The Stipulated Protective Order provides an alternative to the process of affixing a stamp with the appropriate legend to each relevant document.  Instead, the Defendant could have informed the Plaintiff by written notice stating under which category of confidential information the relevant drawing or document was to be treated.

In summary, the Court finds that (1) the Plaintiff requested an inspection of the "Vault" at the Portage Plant and not the production of documents; (2) the Defendant improperly prohibited photographs during the "Vault" inspection because Rule 34(a) explicitly provides for photographing during an inspection, and (3) the Defendant possessed an alternative means by which to protect confidential information and comply with this Court's Stipulated Protective Order.

As relief, the Plaintiff does not request another inspection with the right to photograph the Portage "Vault" and its contents, as the Plaintiff originally requested in his "Notice to [the Defendant] of Entry upon Land."  Instead, the Plaintiff requests that the Court order the Defendant to review its vault drawings at the Portage Plant, produce on an expedited basis all drawings related to pneumatic actuators and related controls, and provide a verified officer's statement attesting to the same.  However, the Court finds that a request for documents of this magnitude would unduly burden the Defendant.  Therefore, in lieu of the Plaintiff's requested relief for the production of the "Vault" drawings and documents, the Court orders the Defendant to allow the Plaintiff to inspect the "Vault" at the Portage Plant on or before December 16, 2005.  In terms of the procedure of the inspection, the

6

Court orders that the Plaintiff may elect: (1) to inspect the Portage "Vault" during which he may photograph and videotape the contents therein pursuant to Rule 34(a)(2) and the Defendant may inform the Plaintiff by written notice under which category of confidential information the relevant drawings or documents fall; OR (2) upon inspecting the Vault and the relevant drawings and documents therein, to request the production of specific drawings and documents from the Defendant and the Defendant shall produce copies of the requested drawings and documents with the appropriate confidential stamp thereon.

*2. Sanctions related to the September 30 "Vault" inspection*

Rule 34(b) provides that "[t]he party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested." Fed. R. Civ. P. 34(b). As the Court has already found that the Defendant improperly failed to permit the September 30 "Vault" inspection pursuant to the Plaintiff's proposed procedures, the Court must now determine whether the Plaintiff is entitled to sanctions. In particular, the Plaintiff requests that the Defendant bear the reasonable costs incurred in bringing the instant motion and in conducting a second inspection of the Portage "Vault." The Plaintiff provides two possible avenues to which the Court may order appropriate costs and sanctions: Rule 37(a) and Rule 37(d).

*a. Sanctions under Rule 37(a)*

Pursuant to Rule 37(a),

> if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request.

7

Fed. R. Civ. P. 37(a)(2)(B).  Here, the discovering party, the Plaintiff, has moved for an order to

compel discovery.  Rule 37(a) further provides that

> if the motion is granted . . . the court shall, after affording an opportunity to be heard,
> require the party . . . to pay to the moving party the reasonable expenses incurred in
> making the motion, including attorney's fees, unless the court finds that the motion
> was filed without the movant's first making a good faith effort to obtain the disclosure
> or discovery without court action, or that the opposing party's nondisclosure,
> response, or objection was substantially justified, or that other circumstances make an
> award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A).  Here, because the Plaintiff made a good faith effort to obtain disclosure

without court action in the form of certification pursuant to Local Rule 37.1, *see* Pl. Mot. at 31-32,

and because the Defendant failed to show that an award of expenses would be unjust, the Court need

only consider whether the Defendant's response to the September 30 "Vault" inspection was

"substantially justified."

In the instant According to Seventh Circuit case law, Rule 37(a)(4) contains a presumption that the victor

on a motion to compel is entitled to its costs, including attorney fees.  *See Rickels v. City of South

Bend, Ind.*, 33 F.3d 785, 786-787 (7th Cir. 1994) (citation omitted) (providing that "[t]he great

operative principle of Rule 37(a)(4) is that the loser pays").  Nevertheless, a party who loses a motion

to compel may avoid paying expenses and sanctions by establishing that its position in opposition to

the motion to compel was substantially justified.  *Rickels*, 33 F.3d at 787.  "Substantially justified

does not mean 'justified to a high degree,' but rather 'justified in substance or in the main'--that is,

justified to a degree that could satisfy a reasonable person."  *Alek v. University of Chicago Hosps.*,

No. 99-C-7421, 2001 WL 1543518, at *1 (N.D. Ill. Nov. 30, 2001) (quoting *Pierce v. Underwood*,

487 U.S. 552, 565 (1988)).

In the instant case, while the Defendant did improperly restrict the Plaintiff's inspection, the

Defendant attempted to comply with the Plaintiff's request by offering an alternative to photographing

8

the "Vault," namely the Plaintiff identifying drawings and documents and the Defendant providing copies.  Moreover, the Plaintiff apparently agreed to this alternate procedure by requesting two "Vault" documents on the day of the inspection, which the Defendant promptly provided.  *See* Def. Resp., Ex. D.  Further, the Defendant opposed the Plaintiff's use of photographs in an attempt to comply with an Order of this Court.  In all, the Court finds that the Defendant's position was "justified in substance," in that the Defendant's position could satisfy a reasonable person.  *Alek*, 2001 WL 1543518, at *1.  Therefore, the Court finds that the Defendant has met the "substantially justified" standard.  Thus, the Court denies the Plaintiff's request to impose sanctions under Rule 37(a).

*b.  Sanctions under Rule 37(d)*

As an alternative to costs and sanctions under Rule 37(a), the Plaintiff also states that sanctions under Rule 37(d) may be imposed for a party's failure to respond to a request for an inspection.  Pursuant to Rule 37(d), "[i]f a party . . . fails . . . to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just . . . ."  Fed. R. Civ. P. 37(d).  Similar to subsection (a), Rule 37(d) provides that a party failing to respond to a request for an inspection may be ordered to pay reasonable expenses "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."  *Id*. For the same reasons stated above with regard to the Court's denial of sanctions under Rule 37(a), the Court denies the Plaintiff's request to impose sanctions under Rule 37(d).

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Plaintiff's Second Motion to Compel Discovery and for Sanctions Regarding Inspection of the Drawing Vault at the Defendant's Portage Plant [DE 76].  To the extent the motion is granted, the Court **ORDERS** that the Defendant allow the Plaintiff to inspect the "Vault" at the Portage Plant on or before December 16, 2005.  In terms of the procedure of the inspection, the Court **ORDERS** that the Plaintiff may elect:  (1) to inspect the Portage "Vault" during which he may photograph and videotape the contents therein pursuant to Rule 34(a)(2) and the Defendant may inform the Plaintiff by written notice under which category of confidential information the relevant drawings or documents fall; **OR** (2) upon inspecting the Vault and the relevant drawings and documents therein, to request the production of specific drawings and documents from the Defendant and the Defendant shall produce copies of the requested drawings and documents with the appropriate confidential stamp thereon.  The Court denies the Plaintiff's motion to the extent the Plaintiff requests costs and sanctions.  Finally, the deadline for non-financial discovery is extended from December 1, 2005, to December 16, 2005 solely for the purposes of the relief ordered herein.  To the extent that the Court's November 7, 2005 Order concerns the September 30, 2005 inspection of the Portage "Vault" and the production and inspection of drawings therein, the instant Order supersedes the Court's Order of November 7, 2005.

SO ORDERED this 18th day of November, 2005.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     All counsel of record