UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT C. SCHOFIELD,                )<br>             Plaintiff,                    )<br>                                              )<br>     v.                                       )    CAUSE NO.: 2:04-CV-520-PRC<br>                                              )<br>UNITED STATES STEEL CORP.,   )<br>             Defendant.                  ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Compel Production of Withheld Documents [DE 52], filed by Defendant United States Steel Corporation on September 8, 2005. On September 13, 2005, Plaintiff Robert C. Schofield filed his Response to the Defendant's Motion to Compel Production of Withheld Documents. On September 22, 2005, the Defendant filed its Reply Memorandum in Support of its Motion to Compel Production of Withheld Documents.

## FACTUAL BACKGROUND

Pursuant to Federal Rule of Civil Procedure 37, the Defendant moves to compel discovery of certain documents withheld by the Plaintiff on the grounds of attorney-client privilege. The Defendant alleges that the Plaintiff waived his attorney-client privilege during the deposition of the Plaintiff's attorney, Marshall Burmeister, taken on August 3, 2005. The Defendant maintains that Burmeister testified as to privileged matters in order to rebut the Defendant's affirmative defense of inequitable conduct.[1] In particular, the Defendant alleges that the Plaintiff waived privilege with

---

[1] As an affirmative defense to the Plaintiff's infringement claim, the Defendant alleges that the patent at issue is unenforceable as a result of inequitable conduct committed by the Plaintiff during the prosecution of the patent. Specifically, the Defendant alleges that the Plaintiff, his attorney, Burmeister, and his business partner failed to disclose material prior art to the Patent and Trademark Office ("PTO") Examiner during the prosecution of the patent.

regard to Burmeister's understanding of the invention of the Schofield patent and Burmeister's reasons for not disclosing other relevant prior art to the PTO Examiner when the Plaintiff applied for the patent. For relief, the Defendant requests the disclosure of the following documents: (1) a "patentability opinion" dated April 28, 1987, from Burmeister to the Plaintiff and his business partner, which has already been partially disclosed to the Defendant subsequent to Burmeister's deposition (P396.1[2]); (2) information, including a draft patent application from the Plaintiff and his business partner to Burmeister and Burmeister's notes from preparation of the patent application, received by Burmeister prior to filing the patent application that relates to his understanding of the Plaintiff's invention (P396.7, P396.55-57); (3) Burmeister's correspondence with the Plaintiff and his business partner during the pendency of the prosecution of the patent application relating to Burmeister's reasons for not disclosing certain prior art (P179, P187, P396.1-24); and (4) Burmeister's correspondence relating to an opinion provided to the Plaintiff's business partner about the Defendant's predecessor's rights in the patent application that was allegedly voluntarily disclosed to a third party, thus waiving privilege (P25, P26, P29, P29A, P195-99). The Defendant alleges that Burmeister's testimony in his deposition regarding his understanding of the Schofield patent and his reasons for not disclosing other relevant prior art constitutes a waiver of privilege as to any and all documents relating to the same subject matter.

The Plaintiff responds that, in order to rebut the Defendant's affirmative defense of inequitable conduct, he, through his attorney's deposition testimony, "has narrowly waived the privilege as to prior art patents and publications" considered by himself and his attorney, Burmeister, during the prosecution of the patent. Pl. Resp. at 1. The Plaintiff alleges that the documents sought

---

[2]The number references correlate to the withheld documents listed on the Plaintiff's Privilege Log.

by the Defendant do not concern the same subject matter of Burmeister's deposition testimony. Thus, the Plaintiff asserts that privilege as to those documents was never waived.

There is no dispute between the parties that the attorney-client privilege covers the communications and documents at issue. Furthermore, the Plaintiff admits that he partially waived his attorney-client privilege through the deposition testimony of his attorney, Burmeister. *See* Pl. Resp. at 1 (stating that in response to the Defendant's affirmative defense of inequitable conduct, "the Plaintiff has narrowly waived the privilege as to prior art patents and publications . . . considered by [the Plaintiff] and his attorney during the prosecution of his patent."). Instead, the parties' dispute concerns the scope of the Plaintiff's waiver of the attorney-client privilege.

**DISCUSSION**

As a threshold matter, the Court of Appeals for the Federal Circuit has nationwide jurisdiction to hear appeals in specialized cases such as those involving patent law. *United States v. Souffront*, 338, F.3d 889, fn. 9 (7th Cir. 2003). However, the Court of Appeals for the Federal Circuit applies regional circuit law to procedural questions in patent cases that are not themselves substantive patent law issues so long as they do not (1) pertain to patent law, (2) bear an essential relationship to matters committed to Federal Circuit's exclusive control by statute, or (3) clearly implicate the jurisprudential responsibilities of the Federal Circuit in a field within its exclusive jurisdiction. *GFI, Inc. V. Franklin Corp.*, 265 F.3d 1268, 1272 (Fed Cir. 2001) (holding that since "waiver by the disclosure of privileged material does not meet any of [the above] criteria," the law of the relevant circuit court applied). In *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1346 (Fed. Cir. 2005), the Court held that the Federal Circuit "applies the law of the regional circuit . .

. with respect to questions of attorney-client privilege and waiver of attorney-client privilege." Therefore, the law of the Court of Appeals for the Seventh Circuit governs here.

The doctrine of the attorney-client privilege is a common law privilege that can be explicitly or implicitly waived by the client. *Denius v. Dunlap*, 209 F.3d 944, 952 (7th Cir. 2000). "The widely applied standard for determining the scope of a waiver of attorney-client privilege is that the waiver applies to all other communications relating to the same subject matter." *Fort James Corp.*, 412 F.3d at 1349 (applying Seventh Circuit law); *see also Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., Inc.*, 132 F.R.D. 204, 207-8 (N.D. Ind. 1990) (citation omitted) (providing that "[v]oluntary disclosure . . . waives the privilege as to remaining documents of that subject matter"); *GFI, Inc., v. Franklin Corp.*, 265 F.3d 1268 (Fed. Cir. 2001) (applying Fifth Circuit law and holding that "[w]hen a party voluntarily waives attorney-client privilege, that waiver extends to all communications pertaining to the subject matter of the communications"); *In re Grand Jury Proceedings*, 219 F.3d 175, 183 (2nd Cir. 2000) (quoting 8 J. Wigmore, Evidence § 2327, at 638 (McNaughton ed. 1961) (explaining that "[t]he client's offer of his own or the attorney's testimony as to a specific communication to the attorney is a waiver as to all other communications to the attorney on the same matter"). The "goal of the same subject matter standard is to ensure that a client . . . cannot use waiver of the privilege as a sword as well as a shield." *Eco Manufacturing LLC v. Honeywell International, Inc.*, No. 1:03-CV-0170, 2003 WL 1888988, at *2 (S.D. Ind. April 11, 2003); *see Chinnici v. Central DuPage Hosp. Assoc.*, 136 F.R.D. 464, 465 (N.D. Ill. 1991) (stating that parties cannot be allowed to selectively divulge privileged information without risking loss of privilege as to the rest of that information"). "At bottom, the scope of waiver is a matter of basic fairness to the opposing party." *Eco Manufacturing LLC*, 2003 WL 1888988, at *2.

With regard to the applicable standard for the scope of the waiver, "[t]he waiver extends beyond the document initially produced out of concern for fairness, so that a party is prevented from disclosing communications that support its position while simultaneously concealing communications that do not." *Fort James Corp.*, 412 F.3d at 1349. "There is no bright line test for determining what constitutes the subject matter of a waiver, rather courts weigh the circumstances of the disclosure, the nature of the legal advice sought and the prejudice to the parties of permitting or prohibiting further disclosures." *Id*. at 1349-50. However, because of the fact specific nature regarding the scope of a waiver of the attorney-client privilege, case law is of little assistance. *In re Keeper of the Records XYZ Corp.*, 348 F.3d 16, 23 (1st Cir. 2003); *see also In re Grand Jury Proceedings*, 219 F.3d 175, 183 (2d Cir. 2000) (stating that a waiver of privilege is determined on a case-by-case basis). While courts have not provided any precise guidance as to the meaning and content of the "same subject matter" standard, courts follow the general instruction to construe the "same subject matter" standard narrowly. *See Eco Manufacturing LLC*, 2003 WL 1888988, at *2; *U.S. v. Skeddle*, 989 F.Supp. 917, 919 (N.D. Ohio 1997); *Katz v. AT & T Corp.*, 191 F.R.D. 433, 440 (E.D.Pa. 2000) (holding that scope of a waiver of attorney-client privilege is narrowly construed in patent cases, and courts will limit the waiver to the subject matter of the disclosure).

The Court will consider the Defendant's requested production of withheld documents in turn.

1. *April 28, 1987 "patentability" opinion letter*

The Defendant requests the full disclosure of an opinion letter prepared by Burmeister to the Plaintiff and his business partner (P396.1). The Defendant contends that the Plaintiff waived privilege when Burmeister testified in his deposition about the existence and substance of the opinion letter. As an alternative argument, the Defendant states that Burmeister's use of the opinion

letter to refresh his recollection before the deposition constitutes waiver of privilege as to the underlying document. The Plaintiff has only provided a redacted version of the letter. The Defendant responds that the undisclosed portions of the letter "have nothing to do with the waiver." Def. Resp. at 2.

In his deposition, Burmeister testified at length regarding the substance of the April 28, 1987 patentability opinion letter.[3] In particular, Burmeister's testimony, cited by the Defendant as qualifying as the "same subject matter," concentrated on his reasons for not disclosing certain prior art to the PTO Examiner and his basis for the conclusion that the Plaintiff's invention was patentable. For purposes of determining the scope of the waiver, the Court construes the "same subject matter" to be limited to Burmeister's testimony on his reasons for not disclosing certain prior art to the PTO Examiner and his basis for the conclusion that the Plaintiff's invention was patentable. The Court does not construe the same subject matter to be simply related to the patent at issue. The Court must now determine whether the undisclosed portion of the letter that the Defendant now requests covers the same subject matter as Burmeister's deposition testimony.

After careful review of the undisclosed portions of Burmeister's patentability opinion letter and applying the "same subject matter" standard, the Court finds that the undisclosed portion of the letter does not relate to the "same subject matter" as Burmeister's deposition testimony. While the undisclosed portions of the letter relate to the patent at issue, they do not relate to Burmeister's testimony on his reasons for not disclosing certain prior art to the PTO Examiner or his basis for the

---

[3] For example, Burmeister testified that "[t]he basis [for his conclusion that the Plaintiff's invention was patentable] was that the prior art which was considered in Mr. Bean's memorandum, did not employ differential pressure in the air bags that were used at that point and that there were significant advantages reported to me by my client which would make an unexpected result and that the construction with differential pressure was patentable." Pl. Mot., Ex. I, at 23:21-24:4.

conclusion that the Plaintiff's invention was patentable. Therefore, the Plaintiff did not waive the attorney-client privilege as to the unredacted portions of the letter.

In the alternative, the Defendant argues that Burmeister's review of the opinion letter prior to his deposition in order to refresh his recollection constitutes a waiver of the attorney-client privilege as to the underlying document. Federal Rule of Evidence 612 provides that

> if a witness uses a writing to refresh memory for the purpose of testifying, either–(1) while testifying, or (2) before testifying . . . an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness. If it is claimed that the writing contains matters not related to the subject matter of the testimony the court shall examine the writing in camera, excise any portions not so related, and order delivery of the remainder to the party entitled thereto.

Fed. R. Evid. 612. Rule 612 is applicable to depositions and deposition testimony by operation of Federal Rule of Civil Procedure 30(c), which governs depositions upon oral examination. *See* Fed. R. Civ. P. 30(c) (providing that "[e]xamination and cross-examination of witnesses [during depositions] may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence except Rules 103 and 615").

Therefore, even if Burmeister used the document to refresh his recollection, the Court must still make a determination on whether the "writing contains matters not related to the subject matter of the testimony." *Id*. Because the Court previously determined that Burmeister's deposition testimony was not the same subject matter as the unredacted portions of the opinion letter, the attorney-client privilege was not waived as to these portions of the letter. Therefore, the Defendant is not entitled to disclosure of the heretofore undisclosed portions of the document that are unrelated to the subject matter of Burmeister's testimony.

Accordingly, the Court denies the Defendant's request for disclosure of the April 28, 1987 "patentability" opinion letter (P396.1).

2. *Information related to Burmeister's understanding of the Plaintiff's "invention"*

The Defendant requests disclosure of information received by Burmeister prior to filing the patent application that relates to his understanding of the Plaintiff's alleged invention (P396.7, P396.55-57). Specifically, the Defendant requests disclosure of a draft patent application provided by the Plaintiff and his business partner as well as Burmeister's notes from when he prepared the patent application. In support of its request, the Defendant notes that Burmeister testified in his deposition that he did not disclose certain prior art because he understood the Plaintiff's invention to be limited to "differential pressure."[4] Def. Mot., Ex. I, at p.25:13-17. Burmeister further testified that he "never intentionally prepared an application with a claim which read on some prior art of which [he] was aware of." *Id*. at 35:6-8. The Defendant asserts that Burmeister's testimony amounts to a defense of good faith on the advice of counsel, and, by injecting this material issue into the case, the Plaintiff has waived the attorney-client privilege with regard to the Plaintiff's failure to disclose certain prior art to the PTO Examiner.

The Plaintiff responds that he has produced all privileged documents that concern the written prior art and that there are "no other privileged documents [that] concern this prior art." Def. Resp. at 3. The Plaintiff asserts that Burmeister testified as to discussions with the Plaintiff and his business partner "in general terms" and did not reveal the substance of those discussions at his deposition. *Id*. The Plaintiff maintains that the privileged documents sought by the Defendant concerning Burmeister's understanding of the Plaintiff's invention do not relate to the prior art at issue, and is therefore not within the scope of the waiver.

---

[4]The Defendant notes a specific passage from Burmeister's deposition in which the Defendant's attorney asked whether its was his "belief that differential pressure was the key aspect of [the Plaintiff's] invention?" Def. Mot., Ex. I, 25:15-16. Burmeister responded "yes." *Id*. at 25:17.

"The attorney-client privilege is generally waived when the client asserts claims or defenses that put his attorney's advice at issue in the litigation." *Garcia v. Zenith Electronics Corp.*, 58 F.3d 1171, 1175, fn. 1 (7th Cir. 1995) (citation omitted); *see Manning v. Buchan*, 357 F. Supp. 2d 1036, 1039 (N.D. Ill. 2004) (reaffirming the *Garcia* holding). The Seventh Circuit has held that "[t]o waive the attorney-client privilege by voluntarily injecting an issue in the case, a defendant must do more than merely deny a plaintiff's allegations. The holder must inject a new factual or legal issue into the case. Most often, this occurs through the use of an affirmative defense." *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1098 (7th Cir. 1987); *see also Rhone Pouleac-Rorer Inc. V. Home Indemnity Co.*, 32 F.3d 851, 863 (3d Cir. 1994) (holding that a client puts an attorney's advice at issue when "the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing an attorney client communication"); s*ee also Chamberlain Group v. Interlogix, Inc.*, No. 01-C-6157, 2002 WL 467153, at *2 (N.D. Ill. March 27, 2002) (holding that "[a] party must affirmatively use privileged communications to defend itself or attack its opponent in the action before the implicit waiver rule is applicable"). Here, the Court must determine whether the Plaintiff's attorney, Burmeister, placed the advice of counsel at issue as a good faith defense by injecting a material issue into the case or asserting an affirmative defense through his deposition testimony.

In the instant case, as support for its contention, the Defendant relies on the following response from Burmeister as evidence of the Plaintiff injecting a material issue into the case: "I certainly never intentionally prepared an application with a claim which read on some prior art which I was aware of." Def. Mot., Ex. I, p.35:6-9. The Court finds that the Plaintiff, through his attorney Burmeister, merely denied allegations of inequitable conduct leveled at him by the Defendant, and denial of an allegation does not constitute waiver of the attorney-client privilege.

*See Lorenz*, 815 F.2d at 1098 (holding that the Defendant "did nothing more than deny the plaintiffs' allegations" and thus cannot provide a basis for finding a waiver of the attorney-client privilege). Burmeister did not, at any point during the deposition, assert in any meaningful way a good faith defense placing the advice of counsel at issue. While the Plaintiff's intent or state of mind may be relevant here, as is often the case in patent infringement claims, mere relevance of the Plaintiff's intent or his attorney's intent is not sufficient to constitute waiver of the attorney-client privilege. *See Harter v. Univ. of Indianapolis*, 5 F.Supp.2d 657, 664 (S.D. Ind. 1998) (holding that when a client files a lawsuit in which his or her state of mind (such as good faith or intent) may be relevant, the client does not implicitly waive the attorney-client privilege as to all relevant communications unless the client relies specifically on advice of counsel to support a claim or defense). After careful review of the record, the Court finds that the neither the Plaintiff nor his attorney Burmeister affirmatively pled, or even specifically asserted, a claim or defense that placed his attorney's advice at issue in the litigation. Therefore, the Plaintiff did not waive the attorney-client privilege as to information related to Burmeister's understanding of the Plaintiff's alleged invention.

Accordingly, the Court denies the Defendant's request for disclosure of information received by Burmeister prior to filing the patent application that relates to his understanding of the Plaintiff's alleged invention (P396.7, P396.55-57).

3. *Burmeister's correspondence prior to the filing of the application and during the pendency of the prosecution of the patent relating to his understanding of the facts including prior art*

The Defendant requests disclosure of Burmeister's correspondence with the Plaintiff and his business partner during the pendency of the prosecution of the patent application (P179, P187, P396.1-24). In his deposition, Burmeister provided explanations for his decision to disclose certain

prior art but not to disclose certain other prior art to the PTO Examiner and the Defendant alleges that the requested correspondence may reflect on Burmeister's basis for withholding prior art. The Plaintiff responds that none of the Plaintiff's remaining privileged documents concern the prior art in question, and thus are not within the scope of the waiver.

For purposes of determining the scope of the waiver, the Court construes the "same subject matter" to be limited to Burmeister's opinion about the non-materiality of certain prior art and his reasons for not disclosing certain prior art to the PTO Examiner. The Court does not construe the same subject matter to be simply related to the patent at issue. The Court must determine whether the correspondence that the Defendant now requests covers the same subject matter.

After careful review of the documents requested by the Defendant and applying the "same subject matter" standard, the Court finds that documents P179, P187, P396.1-24 do not relate to the same subject matter as Burmeister's opinion about the non-materiality of certain prior art and his reasons for not disclosing certain prior art to the PTO Examiner. Therefore, the Plaintiff did not waive the attorney-client privilege as to these documents.

Accordingly, the Court denies the Defendant's request for disclosure of Burmeister's correspondence with the Plaintiff and his business partner during the pendency of the prosecution of the patent application (P179, P187, P396.1-24).

4. *October 21, 1988 opinion letter*

The Defendant requests disclosure of all documents and correspondence of Burmeister related to an opinion letter from Burmeister regarding National Steel's rights to the patent that was

allegedly provided by the Plaintiff to a third party (P25, P26, P29, P29A, P195-99).[5]  The Defendant alleges that this "voluntary disclosure" of the opinion letter constitutes a waiver of privilege, and thus the Defendant requests the production of additional documents related to Burmeister's opinion of National Steel's rights related to the patent at issue.  The Plaintiff responds that the Defendant offers no evidence that the October 21, 1988 letter was voluntarily disclosed.  Instead, the Plaintiff alleges that "[t]here were plenty of opportunities for involuntary disclosure situations."  Pl. Resp. at 5.  Further, the Plaintiff states that he has treated the letter as privileged by placing it on his withheld list and by treating the letter in depositions as privileged and not subject to testimony.

"The party seeking to invoke the privilege bears the burden of proving all of its essential elements."  *United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997) (citing *United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991)).  Therefore, "[w]hen the producing party claims inadvertent disclosure it has the burden of proving that the disclosure was truly inadvertent, and that the privilege has not been waived."  *Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., Inc.*, 132 F.R.D. 204, 207 (N.D. Ind. 1990)

In the instant case, the Plaintiff bears the burden to establish all the elements of the attorney-client privilege, and, in particular here, that the disclosure was truly inadvertent.  As evidence that the disclosure was inadvertent, the Plaintiff merely states in its response brief that "[t]here were plenty of opportunities for involuntary disclosure situations."  Pl. Resp. at 5.  The Plaintiff provides no dates, circumstances, or any other relevant evidence or information to support his contention that the disclosure was inadvertent.  Accordingly, the Court finds that the Plaintiff failed to meet his

---

[5]The Plaintiff was an employee of National Steel when he developed the subject matter of the patent at issue, and, during a dispute between the Plaintiff and National Steel, National Steel received a copy of an opinion letter from Burmeister regarding National Steel's rights to the patent.

burden to demonstrate that the disclosure of the October 21, 1988 opinion letter was truly inadvertent, and therefore the Court finds that the letter was voluntarily disclosed and thus the Plaintiff waived his attorney-client privilege with regard to the letter.

After determining that the disclosure was voluntary, the Court must determine the scope of that waiver by applying the "same subject matter" standard.  For purposes of determining the scope of the waiver, the Court narrowly construes the "same subject matter" to be limited to Burmeister's opinion on National Steel's rights in the patent at issue.[6]  The Court does not construe the same subject matter to be simply related to the patent at issue.

After careful review of the documents requested by the Defendant and applying the "same subject matter" standard, the Court finds that documents P25, P26, P197, and P199 do not relate to the same subject matter as Burmeister's opinion on the rights of National Steel to the patent at issue. Therefore, the Plaintiff did not waive the attorney-client privilege as to these documents.  However, the Court finds that documents P195 and portions of P196, including the last paragraph beginning on page one and continuing onto page two, do relate to the same subject matter as Burmeister's opinion on the rights of National Steel to the patent at issue.  Therefore, these documents and portions of documents fall within the scope of the Plaintiff's waiver of the attorney-client privilege and the Plaintiff shall disclose these documents and portions of documents to the Defendant. Document P198 is, according to the Plaintiff, a non-privileged document that was previously provided to the Defendant, and therefore, any waiver question as to this document is moot. Additionally, documents P29 and P29A are copies of documents that have previously been disclosed, and therefore, any waiver question as to these two documents is also moot.

---

[6]The October 21, 1988 letter states, in relevant part, "National Steel Corporation has rights to Mr. Schofield's invention either on the basis of shop right or on the basis of an understanding with Mr. Schofield.  Pl. Mot., Ex. L.

Accordingly, the Court denies the Defendant's request for disclosure of all documents and correspondence of Burmeister related to an opinion letter from Burmeister regarding National Steel's rights to the patent as to documents P25, P26, P197, and P199.  The Court denies the Defendant's request for disclosure of documents P29, P29A, and P198 as moot.  However, the Court grants the Defendant's request for disclosure of all documents and correspondence of Burmeister related to an opinion letter from Burmeister regarding National Steel's rights to the patent as to documents P195 and part of P196.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Defendant's Motion to Compel Production of Withheld Documents [DE 52].  The Court **GRANTS** the Defendant's motion as to documents P195 and portions of P196 as noted in this Order and **ORDERS** the Plaintiff to disclose documents P195 and a portion of P196 to the Defendant.  The Court **DENIES** the Defendant's motion as to documents P25-26, P179, P187, P197, P199, P396.1-24, and P396.55-57.  The Court further **DENIES** the Defendant's motion as to documents P29, P29A, and P198 as moot.

SO ORDERED this 28th day of November, 2005.

                                                   s/ Paul R. Cherry
                                                   MAGISTRATE JUDGE PAUL R. CHERRY
                                                   UNITED STATES DISTRICT COURT

cc:   All counsel of record